ANDERSON *v.* HOBBS TIE & TIMBER COMPANY.

4-5101                                    120 S. W. 2d 158.

Opinion delivered October 10, 1938.

*Earl Blansett, J. W. Nance* and *Robt. W. Gibbs, Duty & Duty* and *George W. Dodd*, for appellants.

*Clayton N. Little* and *Clyde T. Ellis*, for appellee.

McHANEY, J. The subject-matter of this action is a steel bridge across White River in Benton county, Arkansas, near Monte Ne, which was built in connection with the construction of a line of railway from Monte Ne into and through a tract of timber formerly owned by the Ozark Land & Lumber Company. The timber company became insolvent. The line of railroad was abandoned and the tracks taken up, but the bridge across White River still remained and was acquired by appellee in the foreclosure of a mortgage held by it. The bridge was supported by a concrete pier some fifty feet high in the middle of the river, with the two ends resting upon the banks. Some years ago, both ends of the bridge had fallen into the river, leaving the middle ends of each span attached to and resting upon said concrete pier. On

March 16, 1936, appellee sold by written contract said bridge to appellant Anderson for a cash consideration of $450 in which it was provided as follows: "Party of the second part, (appellee) is selling to party of the first part (Anderson) said bridge as it now is, free from all liens and encumbrances for a cash consideration of four hundred and fifty dollars, ($450) hereby acknowledged.

"Party of the first part agrees to have the bridge entirely removed within six months from this date and he is to remove same at his own expense and arrange for every detail such as right-of-way and any other expense or liability that may be incurred in the removal, and handling of same."

On January 7, 1937, nearly ten months after making the contract above mentioned, appellee wrote Anderson, reminding him that he had sold him the bridge on March 16, 1936, and that it was to be entirely removed within six months; that ten months had passed and the bridge was not removed, and stating, "This is to advise that this bridge is to be removed within thirty (30) days from today." On receipt of this letter, Anderson wrote appellee on January 10, 1937, acknowledging its receipt, stating that he had been in an accident and that he was sorry that he had not fulfilled his contract. He asked for more time. He said: "Now, if you can give me more time, I will get it removed but, of course, I will have to lose all my profit, which won't be much, or if you will accept it, I can pay rent on the bridge until my leg gets so I can get around." On January 11, 1937, appellee again wrote appellant Anderson, acknowledging receipt of his letter and stating: "We certainly do not want to work a hardship on you, but this bridge must be removed from the river, in fact, that is the main reason I sold it as I thought you would remove it immediately in line with your contract." He concluded by extending the time until March 15, 1937, to have the bridge entirely removed from the premises and advising that it would not be possible to grant him a further extension.

This action arose when appellant, Anderson, filed a suit to enjoin appellant Beckman from removing or damaging said bridge, Anderson claiming title through appel-

lee and Beckman claiming title by virtue of a deed of conveyance of a certain forty-acre tract of land near or adjacent to said bridge from C. N. Mundell. In this action appellee intervened setting up its title, the sale to appellant Anderson, his failure to perform the contract to remove the bridge within the time limited, and asked for a cancellation thereof. As stated above, appellant Beckman claims title to the bridge by reason of the conveyance to him of a certain forty-acre tract of land for Charles N. Mundell by Wm. A. Mundell, under purported power of attorney. Trial resulted in a decree for appellee from which comes this appeal.

We agree with the trial court that Beckman acquired no title by reason of his deed from Mundell, even though it could be said that the action of Wm. A. Mundell in the execution of a deed under his power of attorney for Charles N. Mundell was a good conveyance, which is not true because his power of attorney gave him no such power. The bridge was on a right-of-way, which had been acquired by appellee's predecessor in title, at least under an easement that continued until all of the property constituting the line of railway had been removed or a reasonable time given for that purpose. As stated above, the bridge is in White River, both ends having fallen in the river and it is not shown that the Mundell deed, even though valid, conveyed the bed of White River.

We think the court misconstrued the contract in so far as appellant Anderson was concerned. He bought and paid for the bridge and became the owner thereof. The limitation in the last paragraph of the written contract, fixing a time limit in which it should be removed, we think, was a condition subsequent which would afford appellee a cause of action for damages should he fail to remove the bridge within the time limited or extended. There is no claim on appellee's part that he has been damaged in any way by reason of Anderson's failure to remove the bridge. There is no contention on appellee's part that the bridge, in its present condition, is liable to cause appellee or anyone else any damage. It is conceivable that it might interfere with navigation or that it might so obstruct the flow of debris in the river in flood

times as to cause an overflow of the lands above or adjacent thereto, but there is no proof that it has done so.

Appellant's failure to remove the bridge within the time limited is explained by his being seriously injured in an automobile accident shortly after making the contract which prevented him from performing it within the time. The contract itself does not make time of the essence of the contract and we are, therefore, of the opinion that appellant, Anderson, has now and will have a reasonable time hereafter in which to remove said bridge, if, in the meantime, his failure to remove the bridge should work any damage to appellee, it would have a cause of action therefor.

The decree is, therefore, reversed, and the cause remanded with directions to enter a decree in accordance with this opinion. It is so ordered.