ANDERSON v. HOBBS TIE & TIMBER COMPANY.

4-5893                                              139 S. W. 2d 11

Opinion delivered April 8, 1940.

*Franklin Wilder* and *Miles & Young,* for appellant.

*J. Wesley Sampier,* for appellee.

SMITH, J. The subject-matter of this litigation is a steel bridge across White river in Benton county which was built in the construction of a line of railway from Monte Ne into and through a tract of timber land formerly owned by the Ozark Land & Lumber Company. The lumber company became insolvent and the line of railroad was abandoned, and appellee, the Hobbs Tie & Timber Company, purchased and became the owner of the bridge. On March 16, 1936, appellee sold the bridge to appellant, Anderson, under a contract the relevant por-

tions of which are recited in the opinion in the case of *Anderson* v. *Hobbs Tie & Timber Co.*, 196 Ark. 805, 120 S. W. 2d 158. The trial court had held, in that case, that the title to the bridge had reverted to appellee, for the reason that the bridge had not been removed within six months after the sale of the bridge, as the contract required.

In reversing that decree, we said, in the opinion above recited, that: "We think the court misconstrued the contract in so far as appellant Anderson was concerned. He bought and paid for the bridge and became the owner thereof. The limitation in the last paragraph of the written contract, fixing a time in which it should be removed, we think, was a condition subsequent which would afford appellee a cause of action for damages should he fail to remove the bridge within the time limited or extended. There is no claim on appellee's part that he has been damaged in any way by reason of Anderson's failure to remove the bridge. There is no contention on appellee's part that the bridge, in its present condition, is liable to cause appellee or anyone else any damage. It is conceivable that it might interfere with navigation or that it might so obstruct the flow of debris in the river in flood times as to cause an overflow of the lands above or adjacent thereto, but there is no proof that it has done so.

"Appellant's failure to remove the bridge within the time limited is explained by his being seriously injured in an automobile accident shortly after making the contract which prevented him from performing it within the time. The contract itself does not make time of the essence of the contract and we are, therefore, of the opinion that appellant, Anderson, has now and will have a reasonable time hereafter in which to remove said bridge, and if, in the meantime, his failure to remove the bridge should work any damage to appellee, it would have a cause of action therefor.

"The decree is therefore reversed, and the cause remanded with directions to enter a decree in accordance with this opinion. It is so ordered."

On August 10, 1939, appellee filed a petition in the Benton chancery court, setting out the facts recited in the former opinion, with the additional allegation that appellant had not even at that time, removed the bridge from the river, and the court was asked to order and decree that all right, title or interest of appellant in the bridge be divested out of him and be reinvested in appellee, and that relief was granted, and this appeal is from that decree.

Appellant attempted to explain his failure to remove the bridge by showing his continued illness and the unfavorable stages of the river; but the court found—and we think the testimony fully supports the finding—that appellant had had ample time and opportunity in which to remove the bridge.

It was further found and decreed that through this failure appellant had abandoned the bridge, and the title was reinvested in appellee. We do not concur in the finding that appellant had abandoned the bridge; but, even so, this does not require or justify the reinvestment of the title in appellee.

We said, in the former opinion, that appellant should have additional time in which to remove the bridge, and this he has had without removing it. He is, therefore, now subject to any action for the damages which may have resulted from the failure to remove the bridge within a reasonable time, as his contract permitted and required him to do, under the construction given it in the former opinion in this case.

The bridge was sold and paid for, and the title thereto passed. Appellant agreed to remove the bridge within six months from the date of sale, and has not done so. He is, therefore, liable, as the former opinion stated, for any damages which may have resulted from this failure; but there is nothing in the contract which entitled appellee to retake the bridge on that account. This is the effect of the former opinion which we have herein quoted, and it is, of course, the law of this case.

The decree vesting title in appellee will therefore be reversed, and the cause will be remanded for further proceedings not inconsistent with this opinion.

Holt, J., not participating.